## THE JENNIE B. GILKEY.

### LOUD and others *v.* LORING and others.

(*Circuit Court, D. Massachusetts.* April 28, 1884.)

LIEN ON SHIP—NONE ATTACHES IN FAVOR OF ONE CO-OWNER.

A part owner has no lien or right of priority in equity upon the ship itself for balance of account which may be due him.

In Equity.

*C. T. & T. H. Russell,* for complainant.

*C. M. Reed,* for defendant.

LOWELL, J. The plaintiffs, citizens of New York, bring this bill against certain citizens of states other than New York, for an adjustment of accounts between the parties as common owners of the schooner Jennie B. Gilkey. The plaintiffs allege that they made certain advances for the benefit of the defendants, to enable the vessel to perform her last voyage and earn her freight; and made certain other payments in defending and compromising an action brought against the owners in New York for the wages of the mate. They now move for a preliminary injunction to restrain the defendants from receiving from the registry of the district court their several shares of the proceeds of the vessel, amounting, after payment of the privileged debts, to about $2,900. The plaintiffs admit that they have no privilege in admiralty, nor any right as creditors at large, having recovered no judgment, to intercept these proceedings; but they insist that, in equity, one part owner has a lien upon the ship for advances which he may have made for supplying her needs for a voyage, or for the benefit of his co-owners in any other respect. This brings up the question whether the decision of Lord HARDWICKE in *Doddington* v. *Hallett,* 1 Ves. Sr. 497, is to be taken as law here. It was long since overruled in England. See *Ex parte Young,* 2 Ves. & B. 242, and 2 Rose, 78, note; *Ex parte Harrison,* 2 Rose, 76; *Ex parte Hill,* 1 Madd. 61; *Green* v. *Briggs,* 7 Hare, 279, per WIGRAM, V. C.; Lindl. Partn. (4th Eng. Ed.) 67. In this country it has been held in the courts of New York and Kentucky to announce a sound rule of equity. *Mumford* v. *Nicoll,* 20 Johns. 611; *Hewitt* v. *Sturdevant,* 4 B. Mon. 453; *Pragoff* v. *Heslep,* 1 Amer. Law Reg. 747. In some other courts the later English rule has been thought the more sound. *Merrill* v. *Bartlett,* 6 Pick. 46; *The Randolph,* Gilp. 457; 3 Kent, Comm. 40; Story, Partn. §§ 442–444, and notes; Story, Eq. § 1442, and note. In this circuit, two judges of the supreme court have said that a part owner has no lien or right of priority in equity upon the ship itself for a balance of account which may be due him. *Macy* v. *De Wolf,* 3 Wood. & M. 193; *The Larch,* 2 Curt. C. C. 427, 434. And while Mr. Justice STORY, in one of the works above cited, seems to

approve of the decision of Lord HARDWICKE, in the other he gives the objections to it an apparent preponderance.    In a question of granting a preliminary injunction, which is rather a matter of convenience for the plaintiffs than at all essential to the maintenance of their rights, I feel bound to follow the opinion of the justices of this circuit, until a more deliberate and solemn decision shall show that they were mistaken.

Motion denied.